UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

————————————————

In re:

CAROL BIEGUN-GOODING, aka                    Case No. DK 11-11405
CAROL M. BIEGUN, aka CAROL M.                Chapter 7
GOODING,                                     Hon. Scott W. Dales

        Debtor.
————————————————————————/

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
              United States Bankruptcy Judge

Chapter 7 debtor Carol Biegun-Gooding (the "Debtor") filed a voluntary petition for relief under chapter 7 on November 14, 2011. At that time, she was the plaintiff in an employment discrimination and civil rights lawsuit in the United States District Court, asserting several causes of action (the "Causes of Action") against her former employer, Paw Paw Public School District (the "School District"), and her former supervisor, Carol Edinger ("Ms. Edinger" and with the School District, the "Defendants").

Under 11 U.S.C. § 541(a)(1), the Debtor's interests in the Causes of Action became part of her bankruptcy estate. Under 11 U.S.C. § 323, her bankruptcy trustee, Stephen Langeland (the "Trustee"), is the representative of the estate, and therefore is the person charged with the duty to "collect and reduce to money" the estate property, including the Causes of Action. *See* 11 U.S.C. §§ 323 and 704(a)(1). To fulfill this responsibility, he retained as special counsel the attorney who was representing the Debtor in *Biegun-Gooding v. Paw Paw Public Schools*, Case No. 1:11-CU-990-PLM (W.D. Mich.). Under the bankruptcy court's rules, the Trustee was

automatically substituted as the plaintiff in that civil action, displacing the Debtor. *See* Fed. R. Bankr. P. 2012(a) and 6009.

With the assistance of special counsel, and after a period of discovery and mediation in the United States District Court, the Trustee and the Defendants agreed to settle the Causes of Action for a payment of $30,000.00 —$5,000.00 less than the value the Debtor assigned to this asset when she signed her Amended Schedule B (DN 34) under penalty of perjury.

Invoking Fed. R. Bankr. P. 9019, the Trustee sought approval of the proposed settlement by filing a motion (the "Settlement Motion," DN 53). The Debtor, now *pro se*, opposed the Settlement Motion, so the court held a hearing in Kalamazoo, Michigan, on June 26, 2013, to consider the proposed compromise. During the hearing, and without objection, the court permitted the Debtor to bench-file a document entitled "Basis of objection to the Trustee's Proposed Motion of Settlement" (DN 62).

In support of the Settlement Motion, the Trustee recounted his involvement in the litigation in front of the United States District Court, described the risks of litigation, the difficulty of establishing a right to recovery on the Causes of Action, including problems of proof and problems resulting from the School District's colorable defenses. After considering the advice of the very counsel that the Debtor originally retained, her Amended Schedule B, and after participating in court-sponsored mediation, the Trustee decided to compromise the estate's interest in the Causes of Action.

In response to the Trustee's in-court presentation and his Settlement Motion, the Debtor offered an earnest and emotional recitation of her employment dispute, its effect on her, and on the at-risk students she served as a science and technology teacher for the School District. She described the role the employment dispute and Ms. Edinger allegedly played in her decision to

file a bankruptcy petition. Throughout her presentation, she expressed confusion about the legal process, and dismay about her perception that the Trustee and his special counsel have not considered her views more seriously in prosecuting the Causes of Action, post-petition. She advised the court, and reminded the Trustee, about her intimate familiarity with the controversy, knowledge of the documents, and the contributions she made in prosecuting the case in terms of funding the suit initially, and giving testimony during her deposition.  She complained about the Defendants' failure to cooperate in discovery.  To summarize, she felt excluded from the Trustee's decision to settle.

The court does not doubt the sincerity of the Debtor's opposition, or her genuine belief about the effect that the School District's actions or omissions (and those of Ms. Edinger) have had on her financial, professional, and emotional life.  Nevertheless, as noted above and on the record during the settlement hearing, after the Debtor filed her voluntary petition, the Causes of Action belonged to her bankruptcy estate, and was subject to the Trustee's control.   In his business judgment, detached from the emotional toil that the dispute reportedly took on the Debtor, the Trustee intends to compromise with the Defendants, and therefore seeks the court's approval.

The Supreme Court has set forth the general factors to be considered by the bankruptcy judge in determining whether a proposed settlement is fair and equitable:

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968).  As the court noted during the hearing, settlement motions do not require a "mini-trial." *In re Fishell*, 47 F.3d 1168, 1995 WL 66622, at \*3 (6th Cir. 1995) (table) (*quoting In re Am. Corp.*, 841 F.2d 159, 163 (7th Cir. 1987)).  Instead, a court must consider the relevant facts and law, as the court has done in this case, with the assistance of the Debtor and the Trustee. In the Sixth Circuit Court and elsewhere, "the bankruptcy court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988); *Engman v. Boyd*, Slip Op. No. 1:09–cv–151, 2009 WL 1974460 (W.D. Mich. July 6, 2009). The court has considered the underlying facts to the extent, and in the manner, presented by the parties, during the settlement hearing and more carefully after taking the matter under advisement.

The principal factor favoring settlement in this case is the relatively dim view the Trustee and special counsel take regarding the likelihood of success.  This assessment is informed and fortified by the results of the mediation that occurred with the assistance of United States Magistrate Judge Joseph Scoville, according to the Trustee's uncontested report during the hearing.  Moreover, although the Debtor disavowed her valuation of the Causes of Action during the hearing, her Amended Schedule B (DN 34) estimates the value of the Causes of Action at $35,000.00, tending to corroborate the Trustee's decision to settle for $5,000.00 less than the Debtor's sworn estimate.  The difficulty in quantifying and establishing damages for emotional distress also factors into the equation.

The Debtor, for her part, provided a detailed enumeration of damages, but her presentation and filing shed little light on the Trustee's likelihood of success in fashioning liability —a prerequisite to any damage award.

The court does not doubt that the School District is a collectible defendant, and surmises that liability may be joint and several with the presumably less-collectible Ms. Edinger. Because the Trustee offered no information regarding this factor, and because the School District is an established institution, the court assumes this factor counts against settlement.

Finally, the creditors have not opposed the settlement, though the Trustee served the Settlement Motion on the matrix, according to the proof of service (DN 60). At this point, they are the principal stakeholders in the Debtor's prepetition assets (including the Causes of Action), and the court must consider their acquiescence as well as the Debtor's arguments. The Debtor argued sincerely during the hearing that her creditors would benefit more if the estate obtained a substantial verdict, but it is not unreasonable for creditors to conclude that a "bird in the hand" of a disinterested fiduciary such as the Trustee is more valuable to them "than two in the bush."

On balance, considering the usual factors governing the court's approval of settlements, and after carefully reviewing the Debtor's submission and her oral argument, the court perceives no reason to disturb the compromise reflected in the Settlement Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 53) is GRANTED and the Trustee has authority to carry out the terms of settlement described therein.

IT IS FURTHER ORDERED that the Clerk is directed to serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Carol Biegun-Gooding, Stephen L. Langeland, Esq., the United States Trustee, and the Debtor's mailing matrix.

END OF ORDER

**IT IS SO ORDERED.**

**Dated July 1, 2013**



Scott W. Dales
United States Bankruptcy Judge